IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOLLY ANDERSON<br><br>    Plaintiff,<br><br>    v.<br><br>CONSUMER LAW PARTNERS, LLC, AN ILLINOIS LIMITED LIABILITY CORPORATION AND RACHEL SCHATZ, INDIVIDUALLY<br><br>    Defendants | No.   cv<br><br>Honorable Judge<br><br>Magistrate Judge<br><br>***JURY DEMAND*** |

## COMPLAINT

NOW COMES Plaintiff, **MOLLY ANDERSON**, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for her Complaint against Defendants, **CONSUMER LAW PARTNERS, LLC, AN ILLINOIS LIMITED LIABILITY CORPORATION AND RACHEL SCHATZ, INDIVIDUALLY,** states as follows:

### I.  NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

### II.  JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claim and municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship,

Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **CONSUMER LAW PARTNERS, LLC, AN ILLINOIS LIMITED LIABILITY CORPORATION**, (hereinafter referred to individually as "Consumer Law" or "Defendant") owns and operates a law firm located at 435 N. Michigan Ave. Suite 1609 Chicago, Illinois 60611. Defendant, **CONSUMER LAW PARTNERS, LLC,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **RACHEL SCHATZ,** (hereinafter referred to individually as a "Defendant", collectively the "Defendants") is the owner of the corporate defendant, **CONSUMER LAW PARTNERS, LLC** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

5. Plaintiff, **MOLLY ANDERSON** (hereinafter referred to as the "Plaintiff") is a former employee who was employed as a paralegal for Defendants and performed duties related to administrative tasks, legal filings, scheduling, etc. and was denied overtime pay by Defendants for hours worked over 40 per work week. The Plaintiff was misclassified as a 1099 independent contractor.

## IV. STATUTORY VIOLATIONS

### Fair Labor Standards Act

6. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff for damages suffered by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

7. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

### Chicago Minimum Wage Ordinance

8. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

9. Plaintiff at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

10. Defendants employed Plaintiff on an independent contractor basis when in fact, the job duties of Plaintiff qualified Plaintiff as an employee under the provisions of the FLSA and the pendant state and municipal statutes. Plaintiff was required to work in excess of forty (40) hours in a workweek without pay for those hours over forty (40) at a rate of time and one-half her regular hourly rate pursuant to the requirements of the federal, state and municipal statutes herein relied upon

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-10. Paragraphs 1 through 10 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 10 of this Count I.

11. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

12. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-12. Paragraphs 1 through 12 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 12 of Count II.

13. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the

statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

14. Pursuant to the Fair Labor Standards Act, the Plaintiff is entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-14. Paragraphs 1 through 14 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 14 of Count III.

15. In denying the named Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and

statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

16. The Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-16. Paragraphs 1 through 16 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of this Count IV.

17. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

18. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

19. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-19.   Paragraphs 1 through 19 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of this Count V.

20.     Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

21.     Defendants are each an "employer" as defined in the CMWO § 1-24-10.

22.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

23.     Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 10/16/2018*

/s/ John W. Billhorn
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff